UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

PLANET PRO, INC.,

    Debtor.
                                       Bk. Ct. No. 03-23152-C-11
                                       Adv. Case No. 03-2271
_____/
                                       NO. CIV. S-03-1967 LKK

SEETARAMA SARMA,

    Appellant.

  v.                                                O R D E R

PLANET PRO, INC.,

    Appellee.
_____/

    The court is in receipt of the Ninth Circuit's judgment in the above captioned case. Upon consideration of the Ninth Circuit's decision and the record herein, the bankruptcy court's initial decisions must be affirmed.

## Background

    Appellant, Seetarama Sarma, is a former employee of the debtor who was terminated in December 2001. On November 15, 2001,

1 appellant filed a complaint against appellee Planet Pro, Inc.
2 ("Planet Pro") in the San Francisco Superior Court, alleging, inter
3 alia, breach of an employment contract, and seeking $1 million in
4 damages.  On March 21, 2003, Planet Pro filed for Chapter 11
5 bankruptcy.  Appellant thereafter removed and transferred his
6 pending employment suit to the bankruptcy court.  See 28 U.S.C. §
7 1452.2

8 At the commencement of trial, the bankruptcy judge concluded
9 that appellant waived his right to jury trial, and that appellant
10 tendered evidence late, striking it, and then dismissing the
11 adversary proceeding.

12 Appellant appealed to this court.  On January 21, 2005 this
13 court issued an order denying all but one of the appellant's
14 claims.  Namely, this court found that the bankruptcy court had
15 abused its discretion in excluding certain testimony and thereby
16 dismissing the adversarial proceeding.  Accordingly, the case was
17 referred back to the bankruptcy court.  See January 21, 2005 Order.

18 Some time later, this court also reviewed appellant's appeal
19 of the confirmation of Planet Pro's reorganization plan.  In a 27-
20 page order, this court addressed appellant's contentions and
21 remanded certain claims to the bankruptcy court.  See March 1, 1005
22 Order.

23 Both parties appealed.  Defendant-Appellee appealed the
24 January 21, 2005 Order and appellant appealed several of this
25 court's conclusions as to the legality of Planet Pro's disclosure
26 statement and reorganization plan.

**Analysis**

The Ninth Circuit reversed in part, dismissed in part, and vacated in part. The Ninth Circuit held that the bankruptcy court did not abuse its discretion in striking as untimely Sarma's direct testimony statement pursuant to the local rules of bankruptcy court. Accordingly, the Ninth Circuit reversed this court's order remanding the adversary proceeding to the bankruptcy court. See Ninth Circuit Judgment April 9, 2007.

The Ninth Circuit also addressed Sarma's cross-appeals from this court's decision regarding Planet Pro's reorganization plan. The Ninth Circuit found that the issues were moot. Specifically, the court explained that a bankruptcy appeal is moot if a party opposing a reorganization plan has failed to obtain a stay pending appeal, and the plan has been carried out to "substantial completion." See Ninth Circuit Judgment April 9, 2007, citing Baker & Drake, Inc. v. Pub. Serv. Comm'n (In re Baker & Drake, Inc.), 35 F.3d 1348, 1351 (9th Cir. 1994). The Ninth Circuit explained:

> In this case, Sarma failed to obtain a stay, and Planet Pro's reorganization plan has been fully implemented. Because all creditors except Sarma have been paid under the plan, neither this Court nor the bankruptcy court can fashion effective relief related to Sarma's legal challenges to the plan. Any relief would require non-party creditors, over whom this court has no authority, to disgorge payments to which they were indisputably entitled. Therefore, the cross-appeal must be dismissed as moot. For the same reasons, we must also vacate the district court's order remanding certain claims challenging the plan.

Ninth Circuit Judgment April 9, 2007.

1   In light of the Ninth Circuit's decision, this court finds
2 that the bankruptcy court's initial decisions must be affirmed.
3 With respect to the bankruptcy court's decision to exclude certain
4 testimony and dismissal of the adversarial proceedings, that
5 decision is hereby AFFIRMED.  The claims regarding Planet Pro's
6 reorganization plan are hereby DISMISSED.  There are no other
7 outstanding claims by appellant and the decisions of the bankruptcy
8 court must be affirmed in full.  Accordingly, the court orders as
9 follows:
10      1.   The decision of the bankruptcy court regarding the
11           exclusion of testimony is AFFIRMED.
12      2.   Appellant's claim regarding Planet Pro's Reorganization
13           Plan are DISMISSED as moot.
14      3.   The Clerk of the Court is directed to CLOSE the case.
15   IT IS SO ORDERED.
16   DATED: April 13, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4