UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

PLANET PRO, INC.,

    Debtor.

                               /

SEETARAMA SARMA,

    Appellant.

  v.

PLANET PRO, INC.,

    Appellee.

                               /

Bk. Ct. No. 03-23152-C-11
Adv. Case No. 03-2271

NO. CIV. S-03-1967 LKK

O R D E R

    Pending before the court is appellant Seetarama Sarma's motion to set aside or revise judgment. The court previously entered judgment on April 16, 2007 after the Ninth Circuit reversed this court's order remanding Sarma's adversary proceeding. Sarma now argues that the bankruptcy court never possessed subject matter jurisdiction to dismiss the adversary proceeding because the parties did not consent to jurisdiction. I cannot agree.

1    Bankruptcy courts possess two tiers of authority depending on whether a proceeding is "core" or "non-core." <u>Dunmore v. U.S.</u>, 358 F.3d 1107, 1114 (9th Cir. 2004). A non-core proceeding is one that does not depend on the Bankruptcy Code for its existence. <u>Sec. Farms v. Int'l Bd. of Teamsters</u>, 124 F.3d 999, 1008 (9th Cir. 1997). In core proceedings, a bankruptcy court may hear matters and enter final orders and judgments. 28 U.S.C. § 157(b)(1). In non-core proceedings, however, a bankruptcy court is limited to hearing matters and submit proposed findings of fact and conclusions of law for the district court to review. 28 U.S.C. § 157(c)(1). Nevertheless, if the parties consent, the district court may enlarge a bankruptcy court's power to adjudicate non-core proceedings. 28 U.S.C. § 157(c)(2).

The current scheme was enacted in response to <u>Northern Pipeline Construction Company v. Marathon Pipe Line Company</u>, 458 U.S. 50 (1982), which ruled that the prior bankruptcy scheme, the Bankruptcy Act of 1978, violated Article III by conferring judicial power on bankruptcy judges who lacked life tenure and salary protection. In that case, the Supreme Court found that the bankruptcy courts were not acting as merely adjuncts to Article III district courts because the latter did not retain the "essential attributes" of judicial power, <u>id.</u> at 87, such as issuing binding and enforceable final judgments, <u>id.</u> at 85-86.

Here, Sarma argues that the adversary proceeding was non-core, given that it pertained to state employment law issues, and that the parties did not consent to jurisdiction under 28 U.S.C. §

2

1  157(c)(2), which permits the district court to expand the
2  bankruptcy court's jurisdiction to include non-core proceedings.
3  Fatally for Sarma, however, consent can be implied from action.
4  See Daniels-Head & Associates v. William M. Mercer, Inc., 819 F.2d
5  914, 919 (9th Cir. 1987) ("consent implied from the parties'
6  actions is sufficient"); In re Mann, 907 F.2d 923, 926 (9th Cir.
7  1990) (holding that where the party never objected to the
8  bankruptcy court's jurisdiction prior to the time it rendered
9  judgment against him, "he consented to the court's jurisdiction");
10 DuVoisin v. Foster, 809 F.2d 329, 331 (6th Cir. 1987) ("the absence
11 of a timely objection to the bankruptcy court's jurisdiction
12 constitutes implied consent to the resolution of the controversy").
13     Sarma responds in two ways, none availing.  First, Sarma
14 contends that he did in fact object to the bankruptcy court's
15 jurisdiction.  He points out that in his opening brief filed in
16 this court on October 21, 2003, he stated that "the bankruptcy
17 court did not have jurisdiction to enter a final order in this
18 dispute without specific authorization from the district court.
19 . . . Sarma timely objected to the bankruptcy court's conducting
20 a jury trial and [] entering a final order."  Br. at 28-29.  It is
21 plain, however, that Sarma's main dispute was directed toward the
22 bankruptcy court's finding that he had waived his right to a jury
23 trial -- not that the bankruptcy court lacked jurisdiction with
24 regard to non-core proceedings.[1]

---

26  [1] Furthermore, the bankruptcy court did, in fact, have "specific authorization" from the district court to resolve non-

Furthermore, there were numerous other opportunities for Sarma to raise his complaint. Sarma did not object to the bankruptcy court's jurisdiction in his notice of removal or in his motion to transfer venue, nor did he object at the pretrial conference held on Jury 22, 2003 or at the trial itself. This, in itself, evidences consent to the bankruptcy court's jurisdiction. See In re Mann, 907 F.2d at 926 ("[H]e never objected to the court's jurisdiction prior to the time it rendered judgment against him. Through this conduct, he consented to the court's jurisdiction."). Finally, in the appeal before the Ninth Circuit, Sarma did not raise his objection to the bankruptcy court's jurisdiction in his cross-appeal.

Second, Sarma argues that, because consent cannot be lightly inferred in the context of proceedings before magistrate judges, see Nasca v. Peoplesoft, 160 F.3d 578 (9th Cir. 1998), neither can consent be inferred in the context of proceedings before bankruptcy judges. This comparison was expressly rejected in In re Daniels-Head, which held that there were differences between the Federal Magistrates Act and the Bankruptcy Act with regard to the issue of implied consent. 819 F.2d at 918 ("[T]he Magistrates Act specifically requires the parties' explicit consent to the

---

core matters by virtue of General Orders 182 and 223, which automatically refer all bankruptcy matters to bankruptcy judges. Section 157(c)(2) provides that the district court may refer non-core proceedings to bankruptcy judges upon the consent of the parties. 28 U.S.C. § 157(c)(2). Accordingly, to the extent that Sarma claimed that the district court never authorized the bankruptcy court to hear the proceeding, this is incorrect.

4

1 magistrate's jurisdiction . . . The 1984 [Bankruptcy] Act, on the
2 other hand, does not, on its face, require explicit consent.").
3     Accordingly, the court orders as follows:
4     1. The motion to set aside or revise the judgment is DENIED.
5     2. The hearing currently set for May 21, 2007 is hereby
6 VACATED.
7     IT IS SO ORDERED.
8     DATED: May 15, 2007.

*/s/ Lawrence K. Karlton*
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

5